By the Court.—Freedman, J.
The summons requiring Barrowcliffe to show cause why he should not be bound, was issued pursuant to section 379 of the old code, which forms part of a chapter relating to proceedings against joint debtors, &c., &c., and remaining still in force, notwithstanding the enactment of the new code.
*318 By section. 375 of the said chapter, it is provided that when a judgment shall be recovered against one or more of several persons, jointly indebted upon a contract, those who were not originally summoned to' answer the complaint may be summoned to show cause why they should not be bound by the judgment, in the same manner as if they had been originally summoned. But such remedy is, by the same section, expressly confined to cases in which judgment has been recovered against one or more of several joint* debtors, by proceeding as provided in section 136. On turning to that section, it will be found to regulate plaintiff’s proceedings in cases, where the action is against two or more defendants, and the summons was served on one or more of them, but not on all of them. The remedy, therefore, exists only when one of several persons jointly indebted upon contract, has been named in the original summons and the complaint as a party defendant, but has not been served. In such a case, he maybe summoned to show cause why he should not be bound, and then the .summons is to be accompanied by an affidavit of the person subscribing it, that the judgment has not been satisfied, and specifying the amount due thereon (§ 378).
In the case at bar, no affidavit accompanied the summons. In addition, it appeared by the judgment-roll, that the summons and complaint in the action h,ad been served upon both John M. Falconer and Richard Roe, constituting the firm of J. M. Falconer & Co., and that judgment had been fully perfected against both defendants, .so. as to bind both their joint and several property. For these reasons, the appellant . should not have been summoned at all under section 379.
For if it be claimed that the plaintiff was originally ignorant of the name of the defendant, who, together with John M. Falconer, composed the firm of J. M. *319 Falconer & Co., that for such reason he designated such defendant by the name of Richard Roe, that the summons and complaint were served upon the appellant under the said designation, and that he subsequently discovered the true name of the defendant so designated and served to be Henry M. Barrowcliffe, he should, upon proof of these facts, have applied under section 451 of the new code for an amendment of the summons, complaint, and judgment-roll, by the insertion of the true in place of the fictitious name.
If, on the other hand, it be claimed that Barrowcliffe was an additional partner with the defendants named in the judgment, that as such he is jointly liable with them, but that for some cause his name was omitted in the original summons and complaint, plaintiffs’ remedy is by action, as provided by subd. 4 of section 136, above referred to.
It therefore remains to be seen whether the appellant was regular in availing himself of a demurrer to get rid of plaintiffs’ unauthorized proceeding.
Under section 379 he had the right, by answer, to deny the judgment, or to set up any defense thereto which arose subsequently to the judgment, and in addition, to make any defense which he might have made to the action if the summons had been served on him at the time when the action was originally commenced, and such defense had then been interposed to such action. This does not authorize a demurrer in terms. Nevertheless, if the proceeding were an action, and if no special reasons existed in favor of a different construction, I should incline to the opinion that the word “defense” includes a demurrer. The word answer is used in the old code in this extended sense on several occasions, and a demurrer is, in effect, an answer that the party demurring will go no further, because the other has shown nothing against him.
But the code does not treat this proceeding as an *320 action. It directs the judgment to be given in the same manner as in 'an action, thus negativing the idea that there is an action, and for the same reason, it makes special provisions for the form of the summons and its service, and for the pleadings, and the mode of enforcing the judgment. It sedulously avoids calling the parties plaintiffs and defendants, dispenses with any new complaint, and makes the summons not for the payment of money, or for relief, but to show cause (Mills v. Thursby, 2 Abb. Pr. 432).
Section 379 then provides that cause shall be shown by answer, and when that ip done, the party issuing the summons may, under section 380, demur or reply to the answer, and the party summoned may demur to the reply.
The statute, therefore, upon which this special proceeding depends exclusively, makes careful distinction between an answer and a demurrer, and expressly limits the use to which they, or either of them, maybe put in the cases arising under the statute.
From this it follows that the word “ answer,” occurring in section 379, must be taken in the restricted sense in which it has evidently been used, and that the appellant was not authorized to interpose a demurrer.
For the reason last stated, the order should be affirmed with costs, but with leave to appellant to withdraw said demurrer and answer, upon payment of such costs, and of the costs of the special term.
Speir, J., concurred.